UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF STATE, <br><br> Defendant. | Case No. 23-cv-2964 (JMC) |

## MEMORANDUM OPINION

Plaintiff Judicial Watch, Inc. filed a Freedom of Information Act (FOIA) request with Defendant U.S. Department of State in August 2023 seeking the following records:

> All records related to the modifications to the eligibility of citizens of Hungary to participate in the visa waiver program which went into effect on August 1, 2023 (https://hu.usembassy.gov/visas/visawaiver-program/). This request includes, but is not limited to, all records reviewed, referenced, or relied upon in making the determination to implement the modifications, as well as all related records of communication between any official or employee of the Department of State and any other individual or entity.

ECF 1 ¶ 5.[1] The timeframe for the requested records was "January 1, 2023 to the present." *Id.* The State Department failed to respond, and Judicial Watch filed this suit. *Id.* ¶ 7. The agency moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the FOIA request does not "reasonably describe[]" the records sought as required by the statute. ECF 6; *see* 5 U.S.C. § 552(a)(3)(A). The Court agrees and will therefore **GRANT** the State Department's motion to dismiss.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

**I.     LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must accept as true all of the allegations contained in a complaint," but need not do the same for legal conclusions. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

An agency's obligation to produce records under FOIA is only triggered when a request "reasonably describes" those records. 5 U.S.C. § 552(a)(3)(A). Although FOIA cases are often resolved on motions for summary judgment, a Rule 12(b)(6) motion can be an "appropriate vehicle" for determining whether a FOIA request meets that requirement. *Gun Owners of Am., Inc. v. FBI*, 594 F. Supp. 3d 37, 42 (D.D.C. 2022). A request "reasonably describes" agency records if it "would be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort." *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990). Whether a request "reasonably describes" the records sought is "highly context-specific," *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 278 (D.D.C. 2012), but "[t]he linchpin inquiry is whether 'the agency is able to determine precisely what records are being requested,'" *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (quoting *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997)).

**II.    ANALYSIS**

The D.C. Circuit has identified three ways in which a request fails the "reasonably describes" requirement. *See Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, 628 F. Supp. 3d 266, 271 (D.D.C. 2022). The first is if the request contains vague words and descriptions such that the agency is unable "to determine precisely which records are being

2

requested." *Yeager v. DEA*, 678 F.2d 315, 326 (D.C. Cir. 1982). The second is if the request seeks difficult to locate records that would entail an "unreasonably burdensome search." *Goland v. CIA*, 607 F.2d 339, 353 (D.C. Cir. 1978). And third, a request is not "reasonably described" if it requires overly burdensome post-search efforts. *See Am. Fed'n of Gov't Emps., Local 2782 v. U.S. Dep't of Commerce*, 907 F.2d 203, 205, 209 (D.C. Cir. 1990).

Only the first prong of the test is at issue here. The State Department argues that Judicial Watch's request uses vague words and descriptions because it seeks "all" records "related to" a particular policy. ECF 6 at 7. While "there is no categorical rule against requests for documents 'related to' a topic, it will be the unusual (and unusually specific) request of that type that satisfies FOIA's reasonable-description requirement." *Gun Owners of Am., Inc.*, 594 F. Supp. 3d at 51. Courts in this District have therefore consistently held that FOIA requests seeking all records "related to," "pertaining to," or "concerning" a particular topic are too vague. *See, e.g.*, *Frost Brown Todd LLC v. Ctrs. for Medicare & Medicaid Servs.*, No. 21-CV-2784, 2024 WL 450056, at *3 (D.D.C. Feb. 5, 2024) (holding that FOIA requests failed to reasonably describe records because they sought all materials "related to" certain policies); *Anand v. U.S. Dep't of Health & Hum. Servs.*, No. 21-CV-1635, 2023 WL 2646815, at *13 (D.D.C. Mar. 27, 2023) (agreeing that FOIA request for "all reports from Blue Cross Blue Shield corporation to OIG concerning improper prescribing of opiates by specific physicians" did not reasonably describe records sought); *Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78, 84–85 (D.D.C. 2021) ("*ACLJ*") (finding that request for records "referencing or regarding in any way" eight topics was not reasonably described); *New Orleans Workers' Ctr. for Racial Just. v. U.S. Immigr. & Customs Enf't*, 373 F. Supp. 3d 16, 32 (D.D.C. 2019) (indicating that request for "[a]ny and all" records "related to" or "pertaining to" certain policies and procedures was not reasonably

described); *Freedom Watch, Inc. v. Dept. of State*, 925 F. Supp. 2d 55, 61 (D.D.C. 2013) (holding that the request was not reasonably described because it sought "all" records that "refer or relate to" certain topics); *Latham v. U.S. DOJ*, 658 F. Supp. 2d 155, 157, 162 (D.D.C. 2009) (holding that request for "any records you may have that pertain in any form or sort to" the requester was not reasonably described); *Dale v. IRS*, 238 F. Supp. 2d 99, 104 (D.D.C. 2002) (finding that a request seeking "any and all documents . . . that refer or relate in any way to Billy Ray Dale" was not reasonably described). The problem with such requests is that a term like "related" is "intrinsically expansive." *Gun Owners of Am., Inc.*, 594 F. Supp. 3d at 51; *see Freedom Watch, Inc.*, 925 F. Supp. 2d at 61 ("[A]ll documents 'relate' to all others in some remote fashion."). Such requests also create pragmatic problems. A record can relate to (or pertain to, or concern) a topic "without specifically mentioning it," *Sack v. CIA*, 53 F. Supp. 3d 154, 164 (D.D.C. 2014), making it all but impossible for the agency to design a search that is "reasonably calculated to uncover all relevant documents" as FOIA requires, *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).

However, the fact that Judicial Watch requested "[a]ll records related to" a particular policy does not end the analysis. ECF 1 ¶ 5. There is no bright-line rule barring FOIA requesters from using the phrase "related to." *See Gun Owners of Am., Inc.*, 594 F. Supp. 3d at 51. To the extent that the agency contends (or reads other opinions in this District to suggest) that any such bright-line rule exists, this Court firmly rejects that contention. As another court explained in *Gun Owners of America*, "[a]lthough many—perhaps even most—requests framed in this way will fail to reasonably describe the records sought, [a] rule declaring any request using the phrase 'related to' or a similar term facially invalid is not supported by the caselaw, understates the agency's obligations in processing requests, and contravenes the spirit of FOIA." 594 F. Supp. 3d at 48. If

4

the reasonably-describes inquiry is "highly context-specific," *Nat'l Sec. Couns.*, 898 F. Supp. 2d at 278, then there should be no magic words that categorically doom a request.

Faced with a request for records "related to" a topic, the Court asks whether the request is otherwise so "unusually specific" that it still manages to satisfy FOIA's reasonable-description requirement. *Gun Owners of Am., Inc.*, 594 F. Supp. 3d at 51. In making that determination, the Court may consider whether the request contains other limitations that "give the [agency] adequate guidance in locating responsive documents." *Id.* Take two FOIA requests at issue in *Gun Owners of America*. The first sought "records of all communications between the FBI and the Virginia Department of State Police involving" certain background check and firearms permit policies, sent during a particular time period. *Id.* at 40–41, 46. Although the term "involving" is "inherently vague," the court found that the request was still reasonably described because it "provide[d] several specific limitations that would enable a processor to zero in on the set of documents at issue." *Id.* at 48. Those limitations were: the type of records sought (communications), the likely custodians of such records (the FBI and Virginia State Police), the precise subject-matter ("the so-called 'voluntary background check' established by Va. Code Section 54.1-4201.2," and "a so-called 'special permit for voluntary background check' or 'firearms-related permit' to be established by the executive branch of government in Virginia"), and a limited time period ("July 1, 2015 until the date you begin to process this request"). *Id.* at 48. By contrast, the court found that another request for "records related to whether Virginia's voluntary background check system and its implementation complies with 28 C.F.R. Section 25.6" was not reasonably described. *Id.* at 49. Unlike the first request, it was "not limited to FBI communications with a specific state agency," and "contain[ed] no parameters pointing the agency to search certain locations or time periods." *Id.* at 51. Instead, the request could sweep in "any and all documents

5

interpreting § 25.6 as well as every document assessing the compliance of any background check regime, whether real or hypothetical and whether from Virginia or elsewhere." *Id.* at 51. Given "the inherent vagueness of 'related to' and the lack of any temporal or custodial limitation on the set of responsive documents," the request "fail[ed] to provide adequate guidance for [agency] personnel in locating the documents sought." *Id.* at 52.

Judicial Watch's request arguably falls somewhere between the two requests discussed in *Gun Owners of America*. The request is focused on a single topic: "the modifications to the eligibility of citizens of Hungary to participate in the visa waiver program which went into effect on August 1, 2023." ECF 1 ¶ 5. It is also temporally limited, because it seeks records only "from January 1, 2023 to the present." *Id.* Although that is a helpful constraint, "[a] shorter timeframe does not necessarily cure an overly broad description of the records. And the description is what matters." *ACLJ*, 573 F. Supp. 3d at 87. Unlike the request upheld as reasonably described in *Gun Owners of America*, Judicial Watch's request lacks any custodial limitation and does not specify the type of records sought. The second sentence of the request gestures to custodians and record-types of interest, but only succeeds in further muddying the waters. It reads: "This request includes, *but is not limited to*, all records reviewed, referenced, or relied upon in making the determination to implement the modifications, as well as all related records of communication between any official or employee of the Department of State and any other individual or entity." ECF 1 ¶ 5 (emphasis added). Unlike the request found to be reasonably described in *Gun Owners of America*, the Court cannot read this language as imposing any limitations on either the types of records sought or their custodians, because Judicial Watch has stated expressly that the request is *not limited* in that way. *See id.* In fact, the second sentence of the request suggests that Judicial

6

Watch wants the agency to search for some other "related" records, beyond communications about the eligibility modifications or records the agency relied on in making its August 1 decision.

That begs the question: what are those other "related" records that the agency must look for if the categories of records identified in the latter part of the request are not sufficient? Is a manual explaining generally how the visa waiver program works "related to" these particular eligibility modifications? What about every visa application filed by a Hungarian citizen during the applicable timeframe? Or the itinerary of a Hungarian dignitary's weeklong visit to the United States, if ten minutes of that visit were spent discussing eligibility modifications? (What about the dignitary's plane ticket? The Court could go on.) Because Judicial Watch's request "uses the broad phrase 'related to' rather than a narrower modifier like 'discussing' or 'containing an analysis of,'" and absent additional limiting principles (like an identifiable category of records, or a set of custodians) the Court, and the agency, are left to wonder whether those hypothetical records are within the scope of this request. *Gun Owners of Am., Inc.*, 594 F. Supp. 3d at 51.

Ultimately, the problem with Judicial Watch's request is not simply that it uses the phrase "related to." The problem is that, in addition to using such "inherently vague" language, it does not impose sufficient limitations to "give the [agency] adequate guidance in locating responsive documents." *Id.* at 48, 51. Because the agency is left unable "to determine precisely which records are being requested," the request is not reasonably described. *Yeager*, 678 F.2d at 326. Judicial Watch can file a new, more specific FOIA request if it so chooses.

*   *   *

For the foregoing reasons, Defendant's motion to dismiss, ECF 6, is **GRANTED**, and as a result Plaintiff's complaint is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: March 26, 2025